IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dennis Temple, # 274802, | ) | C/A No. 8:14-4832-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Oconee County; Sheriff James Singleton; | ) | |
| Captain Greg Reed; | ) | |
| Sergeant Scott Arnold; | ) | |
| Sergeant Jerry Moss; | ) | |
| Solicitor Chrissy T. Adams; | ) | |
| Assistant Solicitor Lindsey S. Simmons; | ) | |
| Anderson-Independent Newspaper, Inc.; | ) | |
| Reporter John Doe a/k/a Don Kausler; | ) | |
| Daily Journal Newspaper, Inc.; | ) | |
| Reporter Andrew Moore; | ) | |
| Reporter Norman Cannon; | ) | |
| Greenville Newspaper, Inc.; | ) | |
| Publisher Steven R. Brandt; | ) | |
| Editor John Pittman; | ) | |
| Fox Carolina News, Inc.; | ) | |
| Reporter Cody Alcorn; | ) | |
| Reporter Diana Watson; | ) | |
| News 13, Inc.; | ) | |
| Reporter Darcel Grimes; | ) | |
| Reporter Tammy Watford; | ) | |
| News 7, Inc.; | ) | |
| Reporter Gordon Dill; | ) | |
| Reporter Tom Crabtree; | ) | |
| News 4, Inc.; | ) | |
| Reporter Carol Goldsmith; | ) | |
| Reporter Nigel Robertson; | ) | |
| in their individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Dennis Temple ("Plaintiff"), proceeding pro se, brings this civil action alleging Defendants violated his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Perry Correctional Institution in Pelzer, South

Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

In the Complaint, Plaintiff alleges the following pertinent facts related to events that occurred in May, 2010, and presumably several months thereafter in Oconee County, South Carolina. [Doc. 1 at 1–28.] A Clemson University student reported to law enforcement officers on May 10, 2010, that she had been attacked, beat up, and sexually assaulted inside of a storage unit at All Safe Storage in Seneca, South Carolina. [*Id.*] She had been left inside the storage unit, and the attacker had stolen her car. [*Id*.] In her written statement, she did not identify Plaintiff as the black man who had attacked her, did not state his name, and did not mention Unit 193. [*Id*. at 14.] Defendant Arnold convinced a magistrate judge to issue arrest warrants for Plaintiff. [*Id*.] Law enforcement officers told persons in the media, newspapers, and television stations, that the victim stated that Plaintiff was the man who attacked her. [*Id*. at 15.] On May 11, 2010, Plaintiff was arrested for crimes related to the incident—criminal sexual conduct, kidnaping, and grand larceny. [*Id*. at 16.] The news media took pictures of Plaintiff while he was being escorted to the Oconee County Detention Center, and they published his picture to third parties and reported that he was identified as the man who attacked the Clemson student. [*Id*. at 16–19.] Plaintiff alleges that the statements that he committed the crimes were false, and the news media reported the statements knowing of their falsity with malice or with reckless disregard to whether or not they were false. [*Id*. at 19–28.]

Based on these alleged facts, Plaintiff contends that his United States constitutional rights were violated, and he lost his business, property, and freedom based on the false identification by the victim. [*Id*.] Plaintiff names the following Defendants. Oconee County, Sheriff James Singleton, Captain Greg Reed, Sergeant Scott Arnold, and Sergeant Jerry allegedly were employed in the Oconee County Sheriff's Department ("the law enforcement Defendants"). [*Id*. at 4–5.] Solicitor Chrissy T. Adams and Assistant Solicitor Lindsey S. Simmons allegedly were solicitors for Oconee and Anderson counties ("the solicitor Defendants"). [*Id*. at 5.] Anderson-Independent Newspaper, Inc., Reporter John Doe a/k/a Don Kausler, Daily Journal Newspaper, Inc., Reporter Andrew Moore, Reporter Norman Cannon, Greenville Newspaper, Inc., Publisher Steven R. Brandt, Editor John Pittman, Fox Carolina News, Inc., Reporter Cody Alcorn, Reporter Diana Watson, News 13, Inc., Reporter Darcel Grimes, Reporter Tammy Watford, News 7, Inc., Reporter Gordon Dill, Reporter Tom Crabtree, News 4, Inc., Reporter Carol Goldsmith, and Reporter Nigel Robertson allegedly were news media companies, or publishers, editors, or reporters for the news media ("the news media Defendants"). [*Id*. at 5–9.]

Plaintiff alleges that Defendants were personally involved with violating Plaintiff's rights; they conspired together to falsely identify him as the attacker; the policies and customs in place caused his constitutional rights to be violated; and, they committed libel, slander, and defamation. [*Id*. at 21–28.] Plaintiff seeks damages. [*Id*. at 28.]

This Court takes judicial notice that Plaintiff is serving a 100-year sentence of imprisonment based on his conviction in Oconee County of criminal sexual conduct ("CSC"), first degree (two counts), kidnaping, and grand larceny. *See* Report and

3

Recommendation, *Temple v. McFadden*, C/A No. 8:14-3499-JFA-JDA (D.S.C. Sept. 9, 2014), ECF No. 9, *adopted by* ECF No. 12 (D.S.C. Sept. 30, 2014); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). He was convicted of those criminal charges by a jury on December 15, 2010. *See* Report and Recommendation, *Temple v. Carter*, C/A No. 8:14-1366-JFA-JDA (D.S.C. June 3, 2014), ECF No. 14, *adopted by* ECF No. 22 (D.S.C. July 28, 2014).

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured

by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's claims against the solicitor Defendants should be dismissed based on immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* S.C. Const. art. V, § 24; and S.C. Code Ann. § 1-7-310. Prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–45 (2009) (noting that prosecutors have absolute immunity from § 1983 actions unless the conduct involves administrative duties such as workplace hiring, payroll administration, or the maintenance of physical facilities). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Here, the solicitor Defendants' alleged wrongful conduct seems to relate to their bringing charges against Plaintiff, pressing forward with those charges, and discussing the matter with the media. This alleged conduct is intricately related to the judicial process and to the prosecution of the State's case against Plaintiff. Therefore, the solicitor Defendants have absolute immunity from this suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Moreover, Plaintiff's § 1983 claims against the law enforcement Defendants should be dismissed based on failure to state a claim on which relief may be granted. Plaintiff alleges the law enforcement Defendants obtained arrest warrants from a magistrate judge for his arrest, arrested him, and transported him to the Oconee County Detention Center. He further alleges the law enforcement Defendants made statements to the media about Plaintiff's involvement with the crimes. However, Plaintiff cannot bring claims based on this alleged wrongful conduct because his state conviction has not yet been invalidated. In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

The *Heck* holding applies to this case. Plaintiff is serving a sentence based on his December 15, 2010, conviction in Oconee County of criminal sexual conduct ("CSC"), first

7

degree (two counts), kidnaping, and grand larceny. As such, the allegations in the Complaint of the attack on the Clemson student, the reporting of the crimes, Plaintiff's arrest for the crimes, and the allegations that Plaintiff was falsely accused relate to the incidents giving rise to Plaintiff's conviction. Plaintiff does not allege that his conviction has been invalidated, for example, by a reversal on direct appeal or a state or federal court's issuance of a writ of habeas corpus. A favorable determination on the merits of Plaintiff's § 1983 claims against the law enforcement Defendants would imply that Plaintiff's criminal conviction and sentence, which he is currently serving, were invalid. Because Plaintiff has not alleged that he already has successfully challenged the lawfulness of his state court conviction, this § 1983 claim should be dismissed because a right of action has not accrued.[1]

Plaintiff's claims against the media Defendants should be dismissed for failure to state a claim on which relief may be granted. Plaintiff's allegations relate to their misconduct in falsely reporting the criminal accusation and charges against him, but defamation, slander, and libel fail to state a cognizable claim under § 1983. Although state law provides for a right of action for slander[2] or defamation,[3] an alleged act of defamation

---

[1] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Morris v. Cardillo*, C/A No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

[2] Slander usually refers to acts of defamation that are "expressed in a transitory form, esp. speech," while libel refers to acts of defamation that are expressed "in a fixed medium, esp. writing but also a picture, sign, or electronic broadcast." Black's Law Dictionary (9th ed. 2009).

[3] Defamation is the "act of harming the reputation of another by making a false statement to a third person." Black's Law Dictionary (9th ed. 2009).

8

of character or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697–710 & nn. 3-4 (1976). Civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 200–03 (1989). Thus, the facts alleged against the media Defendants do not state a violation of the Constitution or a law of the United States.

To the extent Plaintiff seeks to bring state law claims against the media Defendants, Plaintiff may do so under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Plaintiff's allegations indicate that Plaintiff and several Defendants are considered to be domiciled in South Carolina; thus, complete diversity is lacking. Accordingly, this Court has no diversity jurisdiction over this action.

Additionally, Plaintiff may be alleging that the law enforcement Defendants and the solicitor Defendants also participated in the defamation, slander, and libel of Plaintiff. However, for the reasons set forth above, Plaintiff cannot bring such claims against them in this Court.

In any event, the entire action should also be dismissed based on frivolousness. Plaintiff brought a similar § 1983 action in 2011 against a few of the same Defendants.

*See* Report and Recommendation, *Temple v. Oconee Cnty.*, C/A No. 8:11-189-MBS-JRM (D.S.C. March 4, 2011), ECF No. 7, *adopted by* ECF No. 11 (D.S.C. March 29, 2011); *see also Philips*, 572 F.3d at 180 (courts "may properly take judicial notice of matters of public record."). In that prior action, Plaintiff sought damages based on violations of his constitutional rights due to the alleged unlawful arrest, unlawful search and seizures, false imprisonment, defamation, slander, and libel (among other claims) arising out of the 2010 conviction of CSC, kidnaping, and grand larceny. This Court ruled that based on *Heck v. Humphrey*, "[s]ince the plaintiff has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued, Plaintiff's § 1983 claims must be dismissed for failure to state a claim." *See* Report and Recommendation, *Temple v. Oconee Cnty.*, C/A No. 8:11-189-MBS-JRM (D.S.C. March 4, 2011), ECF No. 7, *adopted by* ECF No. 11 (D.S.C. March 29, 2011). Therefore, because Plaintiff has been advised in a prior lawsuit in this Court that his similar claims had no arguable basis in law, this action should also be dismissed entirely on the ground of frivolousness, and a "strike" pursuant to 28 U.S.C. § 1915(g) is recommended. *See Nagy v. FMC Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004) (a suit is frivolous if it lacks an arguable basis in law or fact); *McLean v. United States*, 566 F.3d 391, 399-400 (4th Cir. 2009) (noting that a dismissal for frivolousness without prejudice may be designated a strike).

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice[4] and without issuance and service of process.  See *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  It is recommended that this action be deemed a "strike" pursuant to 28 U.S.C. § 1915(g), based on frivolousness because the Complaint is based on an indisputably meritless legal theory.  See *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McLean v. United States*, 566 F.3d 391, 399-400 (4th Cir. 2009).

**Plaintiff's attention is directed to the important notice on the next page.**

S/Jacquelyn D. Austin<br>
United States Magistrate Judge

February 24, 2015
Greenville, South Carolina

---

[4]As discussed above, pursuant to *Heck v. Humphrey*, a right of action has not yet accrued.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).